UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES Q. SUDBERRY,　　　　　　　　　　Case No. 1:14-cv-163
　　　Plaintiff

　　　　　　　　　　　　　　　　　　　　Barrett, J.
vs.　　　　　　　　　　　　　　　　　　Bowman, M.J.

WARDEN MORGAN, et al.,　　　　　　　　**REPORT AND**
　　　Defendants　　　　　　　　　　　**RECOMMENDATION**

　　　Plaintiff James Sudberry is an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio and a frequent filer in this Court.   He brings this prisoner civil rights action under 42 U.S.C. § 1983 against the SOCF Warden, Captain Bell and "DW Cadagan."   Plaintiff's complaint alleges that he was put in administrative segregation in a cell that reached 136 degrees. (Doc. 1, Complaint p. 5).   Plaintiff claims that he had to be taken to Ohio State University Medical Center for treatment of heat stroke as a result.   *Id.*

　　　Mr. Sudberry has failed to pay the filing fee necessary to institute this action and is prohibited from proceeding *in forma pauperis*.   A prisoner's right to proceed *in forma pauperis* has been restricted by Congress.   In accordance with section 804(d) of the Prison Litigation Reform Act (PLRA) of 1995, Pub. L. No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

　　　Mr. Sudberry may not file this civil action *in forma pauperis* because he has had more than three actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.   *See Sudberry v. Ohio Dept. of Rehabilitation and Correction,* Case No. 1:05-cv-629

(S.D. Ohio Dec. 16, 2005) (Doc. 6) (dismissed for failure to state a claim for relief); *Sudberry v. Rome,* Case No. 1:07-cv-597 (S.D. Ohio Sept. 20, 2007) (Doc. 6) (dismissed as frivolous and for failure to state a claim for relief); *Sudberry v. Ohio Dept. of Rehabilitation and Correction*, Case No. 1:08-cv-211 (S.D. Ohio May 21, 2008) (Doc. 7) (dismissed as frivolous and for failure to state a claim for relief).  See also *Sudberry v. Jackson*, Case No. 1:11-cv-431 (S.D. Ohio Aug. 29, 2011) (Doc. 4, 6) (dismissing case pursuant to three strikes provision); *Sudberry v. Warden*, Case No. 1:10-cv-102 (S.D. Ohio March 4, 2010) (denying plaintiff's *in forma pauperis* application pursuant to three-strikes provision).  Plaintiff's previous dismissals prevent him from filing this action *in forma pauperis*.

In view of his three "strikes," plaintiff may not proceed *in forma pauperis* unless the statutory exception applies, that is, unless he "is under imminent danger of serious physical injury."  § 1915(g).  Under the plain language of the statute, plaintiff must be "in imminent danger at the time that he seeks to file his suit in district court" to qualify for the exception to the three strike provision of § 1915(g).  See *Malik v. McGinnis*, 293 F.3d 559, 562 (2d Cir. 2002); *Abdul Akbar v. McKelvie*, 239 F.3d 307, 311 (3rd Cir. 2001); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).  See also *Pointer v. Wilkinson*, 502 F.3d 369, 371, n.1 (6th Cir. 2007).  "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar*, 239 F.3d at 315.

The Court is unable to discern from plaintiff's complaint any facts showing he meets the statutory exception.  There is no indication that plaintiff is under "imminent danger of serious physical injury" based on the allegations in his complaint.  Plaintiff has already filed a lawsuit in

this Court seeking monetary damages for "being in the cell with the room temperature at 136 degrees." *Sudberry v. Warden Morgan*, No. 1:13-cv-622 (S.D. Ohio Sept. 9, 2013) (Litkovitz, M.J.; Weber, J.) (Doc. 1, Complaint p. 7). In denying plaintiff's motion to proceed *in forma pauperis* in that action, the Court found that plaintiff failed to show that he was in imminent danger despite his allegation regarding the cell temperature. *Id.* at Doc. 2, p. 3 ("Moreover, his allegations about his cell conditions appear to derive from events occurring in 2006. Plaintiff indicates that he was hospitalized in December of 2006 and he states that the SOCF staff has since monitored the room temperatures.") Because plaintiff also fails to allege particular facts showing any immediate or impending serious physical injury in this action, he does not meet the exception to section 1915(g).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motion to proceed *in forma pauperis* be **DENIED** under 28 U.S.C. § 1915(g).

2. Plaintiff be **ORDERED** to pay the $400 filing fee within **thirty (30) days**. Plaintiff's failure to pay the full filing fee within thirty days will result in the dismissal of his action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JAMES Q. SUDBERRY,  
    Plaintiff

vs.

WARDEN MORGAN, et al.,  
    Defendants

Case No. 1:14-cv-163

Barrett, J.  
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.   That period may be extended further by the Court on timely motion by either side for an extension of time.   All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.   A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4